Signed: October 06, 2006

_____
**LESLIE TCHAIKOVSKY**
**U.S. Bankruptcy Judge**
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                                                            No. 05-42310 TG
                                                                 Chapter 13
BEN D. CADALIN, LORIE M.
CADALIN,

            Debtors.
_____/

**MEMORANDUM RE APPLICATION FOR ADDITIONAL ATTORNEYS' FEES**

The application of Eleanor Tumaneng Angeles ("Angeles"), the attorney for the above-captioned chapter 13 debtors, for additional fees came on for hearing on October 6, 2006. Angeles appeared on her own behalf. No one else appeared. At the conclusion of the hearing, the Court advised Angeles that her application would be denied with prejudice. The reasons for the Court's decision are set forth below.

This case was commenced on May 2 or 3, 2005.[1] Bankruptcy schedules, a statement of financial affairs, and a chapter 13 plan were filed on May 17, 2005. Included in this filing was a Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys (the

---

[1] The documents filed on May 2, 2005 did not include a petition. A petition was not filed until the next day.

"Rights and Responsibilities"). An amended plan was filed two days later, on May 19, 2005.

On May 24, 2005, Angeles filed an application for approval of $1,800 in fees, $1,000 of which she had already received as a pre-petition retainer and $800 to be received through the plan. She also disclosed receipt pre-petition of the $194 filing fee. The filing of this application was unnecessary. The applicable procedures in this district provide that, if a Rights and Responsibilities is filed and the requested fee does not exceed an amount specified by the court, the fees are presumptively approved, and no application need be filed. The fee agreed upon by Angeles did not exceed the specified amount.[2]

A meeting of creditors was conducted and concluded on June 23, 2005. No party in interest appears to have objected to the amended plan and the chapter 13 trustee appears to have found the amended plan consistent with the Court's and the Bankruptcy Code's requirements. As a result, the amended plan was not placed on the contested calendar and was confirmed on June 30, 2005 without a hearing being conducted.[3]

---

[2] It does not appear that Angeles ever obtained an order approving her fees. On February 18, 2006, she filed a certificate of service of an order approving fees. However, presumably, the order served was a proposed form of order since the docket does not reflect the entry of an order approving her fees.

[3] An amended order confirming this plan was filed on June 12, 2006. The only amendment appears to be the specification of the amount of the monthly plan payment.

2

On July 25, 2005, a secured creditor, Chase Home Finance, LLC ("Chase") filed a motion for relief from the automatic stay. A hearing was scheduled for August 12, 2005. On August 12, 2005, the attorney for Chase appeared and advised the Court that Angeles had signed off on a stipulation for adequate protection. Angeles did not appear. The stipulation was filed on September 1, 2005, and an order approving the stipulation was filed the next day.

On June 15, 2006, a motion was filed seeking authorization for the debtors to refinance their home. An amended motion was filed on June 22, 2006. The amended motion was noticed on a default basis. No party in interest objected to the motion, and on July 20, 2006, an order was entered granting the motion.

In the mean time, on July 17, 2006, Angeles filed an application for additional fees (the "Original Application"). The work for which she sought these fees was described as follows:

> 1. Telephone calls, e-mails, correspondence and conferences with Debtors, Chapter 13 Trustee, mortgage lender and escrow officers regarding bankruptcy procedures and requirements to refinance or sell real property to payoff their remaining Chapter Plan;
> 2. Preparation of pleadings, supporting documents and requirement regarding refinance or sell real property to payoff remaining Chapter 13 Plan required by Debtors, Chapter 13 Trustee, mortgage lender and escrow officers.

The Original Application stated that Angeles had spent nine hours performing these services and that her hourly rate was $200. In addition, it sought reimbursement for out of pocket expenses of $19.46 for postage. The Original Application stated in one place

3

that Angeles was seeking approval of additional fees and costs of $1,819.46.[4] Attached to the application are time sheets reflecting services provided relating to the refinance during the period from May 3, 2006 through July 13, 2006 for which the charges totaled $1,800. Postage costs totaling $19.46 are also listed. Elsewhere in the Original Application, however, it is stated that fees totalling $3,000 are being requested.

Attached to the Original Application was an Attorney-Client Fee Agreement (the "Fee Agreement"). The Fee Agreement states that the debtors agreed to pay Angeles a total minimum fee of $1,800 for her services in the chapter 13 case. The Fee Agreement contains the following language: "The retainer fee may not be the total fee in the case. Client understands that this agreement is limited to those services listed in paragraph 6."

Paragraph 6 states that:

> "In return for the compensation, Attorney agrees to perform the following services:
> LEGAL COUNSELING AND EVALUATION. Legal counseling and evaluation relating to chapter 13 bankruptcy.'
> PREPARATION AND FILING OF BANKRUPTCY. Preparing and filing of bankruptcy papers. Client will provide upon request all the necessary documents and information necessary to prepare the bankruptcy petition prior to filing with the court.
> CREDITOR INQUIRIES. Handling creditors during the pendency of the bankruptcy.
> COURT APPEARANCE. Appearing with the Client at the Meeting of the Creditors/§341 hearing.

---

[4]The Original Application stated earlier that Angeles was applying for additional fees of $3,000. This figure made no sense. The Court assumed that what was intended by this reference was the total of the original amount received plus the additional amount requested. However, the total would have been $3,600.

4

>                     BANKRUPTCY PLAN. Respond to objections to plan
>                     confirmation and if necessary prepare an amended
>                     plan.   Prepare, file, and serve one (1)
>                     necessary plan modification which may include
>                     suspending, lowering, or increasing plan
>                     payments.
>                     AMENDMENTS TO BANKRUPTCY. Prepare, file, and
>                     serve necessary amended schedules. Amendments
>                     to Schedule F including additions of new
>                     creditors, deletions or changes after the
>                     bankruptcy petition is filed shall be charged
>                     $150.00 for each amendment plus a $20 fee
>                     charged by the bankruptcy court.
>                     REAL PROPERTY.   Buy, sell or refinance.
>                     Prepare, file, and serve necessary motions to
>                     buy, sell, or **refinance real property** when
>                     appropriate or contemplated by the plan.
>                     OBJECTION TO CLAIMS.  Object to improper or
>                     invalid claims, if necessary, based upon
>                     documentation or provided by the debtor.
>                     Additional fees if evidentiary hearing is
>                     required as stated below.
>                     MOTIONS FOR RELIEF FROM STAY. Represent debtor
>                     in relief from stay motions filed by secured
>                     creditors to obtain possession of real property,
>                     vehicles, etc. usually in default, etc.
>                     LIEN AVOIDANCE MOTIONS.   Where appropriate,
>                     prepare, file, and serve necessary motions to
>                     avoid liens on real or personal property.
>                     Additional fees if evidentiary hearing is
>                     required as stated below. [Emphasis added.]

Paragraph 9 states that "[f]or any services not covered under this Agreement or by the...[Rights and Responsibilities], Client agrees to pay by the hour at Attorney's prevailing rates...."

The body of the Original Application indicated that it was being noticed on a default basis, parties in interest being given 20 days to object. However, fee applications may not be noticed on a default basis. B.L.R. 9014-1(b)(1)(B). Angeles also filed a notice of hearing on the application, scheduling the hearing for August 4, 2006. However, she failed to file a proof of service of the notice. When Angeles appeared before the Court on August 4, 2006, the Court

5

noted the procedural confusion.  The Court noted that, since she had filed a Rights and Responsibilities, she would be entitled to a total fee of $3,500 without a court order.  However, if she wished to request additional fees bringing the total higher than that, she would have to renotice the application.  In addition, she would have to attach time sheets covering all of the services provided in the case.

Angeles filed an amended application (the "Amended Application") on September 14, 2006 and noticed it for hearing on October 6, 2006. The Amended Application requested additional fees of $3,281.25. Since all Angeles did after filing the Original Application was prepare and file the Amended Application, it is unclear why her request increased in this fashion.  In any event, she is not entitled to fees for correcting her own mistakes.

However, the Court has now noted a more serious problem.  The Fee Agreement includes the services for which she is requesting additional fees--i.e., the refinance of the debtors' real property--within the services covered by the initial $1,800 fee.  While the Fee Agreement contains some language that could be construed otherwise, there is more language supporting the view that all of the services described in paragraph 6 are covered by the initial fee.  Thus, the Amended Application will be denied with prejudice.

Moreover, given the language of the Fee Agreement, the Court views Angeles's request for additional fees for these services at worst as unethical and at best as seriously negligent.  Any repeated

6

conduct of this nature will likely result in the imposition of serious sanctions.

The Court may be unique in requiring a chapter 13 debtor's attorney to provide a copy of its retention agreement when the attorney applies for additional fees. The Court adopted this procedure when a previous instance of a similar nature came to the Court's attention: i.e., the attorney requested additional fees which were not authorized by the fee agreement. The Court intends to circulate this opinion to the other bankruptcy judges in this district and to post it on the website to alert them to this potential problem.

END OF DOCUMENT

COURT SERVICE LIST

```
Eleanor Tumaneng Angeles
Angeles & Associates, PLC
2610 Central Ave., Ste. 1130
Union City, CA 94587

Ben Dalodado Cadalin
Lorie Montemayor Cadalin
290 Dogwood Court
Hayward, CA 94544

Martha G. Bronitsky
P.O. Box 5004
Hayward, CA 94540-5004
```